J-S36015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIO OSORIO SOTO | : | |
| | : | |
| Appellant | : | No. 86 MDA 2024 |

Appeal from the PCRA Order Entered December 19, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003237-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIO OSORIO SOTO | : | |
| | : | |
| Appellant | : | No. 87 MDA 2024 |

Appeal from the PCRA Order Entered December 19, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004403-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIO A. OSORIO SOTO | : | |
| | : | |
| Appellant | : | No. 88 MDA 2024 |

Appeal from the PCRA Order Entered December 19, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001726-2019

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: NOVEMBER 14, 2024**

Elio A. Osorio Soto appeals from the orders, entered in the Court of Common Pleas of Luzerne County, denying his petition, following a hearing, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On January 10, 2022, Soto entered a hybrid guilty plea, on three separate dockets, to several drug charges.[1]  Specifically, Soto pled guilty at: (1) No. 3237-2021 to possession with intent to deliver (PWID) fentanyl (Count 1) and criminal use of a communication facility (Count 2); (2) No. 1726-2019 to delivery of a controlled substance (methamphetamine) (Count 1) and criminal use of a communication facility (Count 2); and (3) No. 4403-2019 to PWID fentanyl (Count 1) and PWID methamphetamine (Count 2).[2]  The parties did not make any agreement relative to sentencing.[3]

At the guilty plea hearing, Soto was represented by Theron Solomon, Esquire, who apprised Soto of the maximum term of incarceration for each offense and also informed him that the Commonwealth, in accordance with the plea agreement, did not object to all sentences running concurrent with one another.  **See** N.T. Guilty Plea Hearing, 1/10/22, at 4-5, 9.  Further, the trial court informed Soto that it was not bound by any agreements as to a

---

[1] Soto participated in the guilty plea hearing via video.

[2] Soto also pled guilty on a fourth docket as well which is not involved in the present appeal.

[3] The Commonwealth withdrew charges not listed in the plea agreement.

sentence and that it could impose a sentence up to the statutory maximum. *Id.* at 8-9. Soto also indicated that he was satisfied with plea counsel's representation. *Id.* at 9.

On July 7, 2022, the trial court sentenced Soto as follows:

- No. 3237-2021: concurrent sentences of 48-96 months' imprisonment on Count 1 and 3-6 months' imprisonment on Count 2;

- No. 4403-2019: 36-72 months' incarceration on Count 1, consecutive to the sentence at No. 3237-2019, and a concurrent sentence of 9-16 months' imprisonment on Count 2; and

- No. 1726-2019: concurrent sentences of 6-12 months' incarceration on Count 1 and 6-12 months' incarceration on Count 2, to run concurrently with the sentence at No. 4403-2019.

Soto's aggregate sentence amounted to seven to fourteen years' imprisonment. Soto did not file post-sentence motions or a direct appeal.

On April 6, 2023, Soto filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition. On November 2, 2023, the PCRA court held an evidentiary hearing, at which Attorney Solomon and Soto testified. On December 13, 2023, the PCRA court denied Soto's petition. Soto filed timely notices of appeal.[4] He presents the following issue for our consideration:[5]

---

[4] Soto has complied with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), by filing a separate notice of appeal for each docket number. **See** Pa.R.A.P. 341 (where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed).

[5] The trial court did not order Soto to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Did the PCRA [c]ourt err or abuse its discretion in failing to grant [Soto] leave to withdraw his guilty plea in that, as a result of the advice of [plea] counsel, the plea was involuntary, unknowing, and unlawfully induced, thereby depriving [Soto] of [d]ue [p]rocess pursuant to the United States and Pennsylvania Constitutions?

Appellant's Brief, at 5.

In reviewing a PCRA appeal, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). In performing this review, we consider the evidence of record and the factual findings of the PCRA court. **Id.** We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id.** Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. **Id.** Where the issue presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Id.**

Soto contends that plea counsel was ineffective for "inadequately and insufficiently explain[ing]the potential sentence he could receive on each count and [the] aggregate sentence he was facing should he plead guilty." Appellant's Brief, at 12. Specifically, Soto asserts that plea counsel told him he would receive an aggregate sentence of no more than 2-4 years' incarceration on all three dockets, because each sentence would be imposed concurrently to the others. **Id.** at 13. Moreover, Soto argues that his plea was invalid because, "contrary to being advised before his plea that he

- 4 -

possessed a P[rior] R[ecord] S[core (PRS)] of '0,' he possessed a PRS of '2.'"

*Id.*

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate[:] (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that[,] but for the act or omission in question[,] the outcome of the proceedings would have been different.
>
> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (citations omitted).

In order to satisfy the "prejudice" requirement in connection with a claim that counsel's ineffectiveness induced an unknowing or unintelligent plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006) (citation omitted). Finally, a defendant is bound by the statements made under oath in a plea colloquy, and "may not [later] assert grounds for withdrawing the plea [that] contradict the statements." *Timchak*, 69 A.3d at 774.

At the PCRA hearing, Soto testified on cross-examination that the charges were read into the record, that he told the court he understood the charges to which he was pleading guilty, was told that the court was not bound by any sentencing agreement, that the court could sentence Soto up to the maximum penalties under the law, and that those maximum penalties were read into the record. *See* N.T. PCRA Hearing, 11/2/23, at 8-9. Moreover, Soto testified that he was advised of the standard range for each charge and that he never indicated to the court that he no longer wished to plead guilty after being advised of the potential sentences. *Id.* at 13-14. Soto also testified that he indicated at the plea hearing that he was satisfied with plea counsel's representation. *Id.* at 10.

Trial counsel testified at the PCRA hearing that, when he meets with a client, he always reviews the charges the defendant will be pleading guilty to and discusses potential criminal penalties, including the statutory maximum a defendant can face. *Id.* at 19-20, 23. Counsel also testified that he met with Soto thirteen times, during which they discussed possible penalties; that he told Soto that there was no agreement as to the length of the sentence, but that the Commonwealth did not object to running the sentences concurrently; and also advised Soto that, ultimately, sentencing was up to the judge. *Id.* at 20-21, 24-25. Because Soto had a prior felony in Carbon County, trial counsel testified that he knew that Soto's standard-range sentence would exceed two to four years and that he never promised Soto he would receive that sentence, or any other specific sentence. *Id.* at 26, 30. Counsel also

told Soto that because he did not know whether his prior felony would be considered an open case, he did not know if his PRS would be calculated as a zero or two. *Id.* at 26, 29. However, counsel did inform Soto what his sentence range "looks like [if his PRS is] a two . . . [and] what it looks like as a zero." *Id.* at 30.

Instantly, the trial court found plea counsel's testimony at the PCRA hearing credible. Specifically, the court determined that:

> [plea] counsel acted competently, adequately advised [Soto] of the sentencing process, and the maximum sentence he could receive. [Soto] knew the consequences of his pleas, including his likely sentence of seven to fourteen years, due to [plea] counsel's advice and the [c]ourt's plea colloquy. [Plea] counsel did not promise [Soto] a sentence of two to four years. [Soto] knowingly, voluntarily, and intelligently pled guilty and no manifest injustice occurred. As such, [Soto] has failed to satisfy any of the three prongs of the test required to prove ineffective assistance of counsel.

Trial Court Opinion, 12/13/23, at 6.

Based on a comprehensive review of the record, and, in particular, the testimony from the PCRA hearing, we conclude that the PCRA's factual findings are supported by the record and are free of legal error. *See Henkel*, *supra*. Soto signed a written guilty plea form and also was fully colloquied by the trial court. During the oral colloquy, the trial judge explained the relevant sentencing information and asked Soto if he understood the terms and conditions of the three plea agreements, specifically asked Soto if he understood that pleading guilty did not guarantee a particular sentence, and explained that the court was not bound by any sentencing agreement. *See*

N.T. Guilty Plea Hearing, 1/10/22, at 5-8. Finally, the colloquy detailed the maximum sentence for each offense. *Id.* at 5.

Because Soto acknowledged that he understood the maximum sentences for his cases, that the trial court had complete discretion over his sentence, and that he was not guaranteed any particular sentence, Soto is bound by those statements he made during his plea hearing. *See Timchak*, 69 A.3d at 774. Thus, Soto is not entitled to relief on appeal. *See Commonwealth v. Collins*, 273 A.3d 1058 (Pa. Super. filed Feb. 17, 2022) (unpublished memorandum decision) (plea counsel not ineffective where defendant alleged counsel advised him to enter open guilty plea in order to receive lesser sentence, misinformed him of offense gravity score and PRS, and misinformed him that all sentences would run concurrently; court found plea counsel's testimony credible that she advocated for lower sentence based on substantial mitigating evidence she presented, advised defendant decision was his to accept plea offer or enter open guilty plea, and counsel advised defendant possibility of being designated as RFEL which would result in increased sentencing guidelines).[6] Accordingly, plea counsel was not ineffective. Thus, we affirm the PCRA court's denial of Soto's PCRA petition.

---

[6] *See* Pa.R.A.P. 126(b) (memoranda decisions filed after May 1, 2019, may be cited for persuasive value).

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/14/2024